UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NANCY SLICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:04-CV-428 |
| | ) | (VARLAN/GUYTON) |
| CHOICEDATA CONSUMER SERVICES, | ) | |
| INC., EQUIFAX INFORMATION | ) | |
| SERVICES, LLC and EQUIFAX, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on Defendant Equifax Inc.'s Motion for Summary Judgment [Doc. 22] in which defendant seeks an order dismissing plaintiff's claims against it. Specifically, Equifax Inc. argues that it is only a holding company and is not a consumer reporting agency as defined by the Fair Credit Reporting Act ("FCRA") nor engaged in the business of preparing consumer reports. Accordingly, Equifax Inc. contends that it cannot be liable for any violation of the FCRA. No response or opposition to the pending motion has been filed and the time for doing so has passed. *See* L.R. 7.1(a), 7.2.

The Court has carefully considered defendant's motion and supporting memorandum [Doc. 23] in light of the entire record and controlling law. For the reasons set forth herein, defendant's motion will be granted and plaintiff's claims against Equifax Inc. will be dismissed with prejudice.

### I. Relevant Facts

This case was removed from the Circuit Court for Knox County, Tennessee, on September 16, 2004 [Doc. 1]. Plaintiff Nancy Slice asserts claims under the FCRA against defendants Choice

Data Consumer Services, Inc., Equifax Information Services, LLC, and Equifax Inc. Plaintiff has alleged that defendants are consumer reporting agencies and they distributed a consumer report that contained inaccurate information about a non-existent debt owed by plaintiff to Household Finance. [*Id.*, Complaint at ¶ 7.]

The record contains the affidavit of Kathryn Harris, the Assistant Vice President and Assistant Corporate Secretary of Equifax Inc. [Doc. 23, Ex. A.] Ms. Harris is responsible for maintaining the books and records for Equifax Inc. and its subsidiaries and she is personally familiar with the structure and function of Equifax Inc. and its subsidiaries. [*Id.* at ¶ 2.]

Ms. Harris states that Equifax Inc. is only a holding corporation headquartered in Georgia. Equifax Inc. has no income except for that derived from its ownership interests in its subsidiaries and affiliates. [*Id.* at ¶ 3.] Equifax Inc. is not in the business of, and does not engage in the practice of, assembling or evaluating consumer credit information or any other information on consumers for the purpose of furnishing reports on such consumers to third parties. [*Id.* at ¶ 4.] Equifax Inc. has not engaged in the business or practice of assembling or evaluating any type of information on consumers for the purpose of furnishing reports on such consumers to third parties at any time during the period from 1977 through the present. [*Id.* at ¶ 5.] Equifax Inc. did not receive, assemble or otherwise deal with any consumer credit information or any other information on plaintiff or any other consumer from 1977 to the present. [*Id.* at ¶ 6.] Equifax, Inc. did not prepare or furnish a credit report or any other type of report on plaintiff or any other consumer to any person or entity at any time during the period from 1977 through the present. [*Id.* at ¶ 7.] At no time during the period from 1977 to the present, did Equifax Inc. own, receive, store, maintain, process, or otherwise exercise control over or have possession of any consumer credit data or public records information

2

concerning plaintiff. [*Id*. at ¶ 8.]

**II.     Analysis**

    A.     Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."

*Id.* at 250.

B.  Fair Credit Reporting Act

Plaintiff claims that defendant was negligent in failing to follow reasonable procedures to ensure the maximum accuracy of the information contained in a consumer report regarding an alleged debt owed by plaintiff to Household Finance in violation of the FCRA, 15 U.S.C. § 1681e. [Doc.1, Complaint at ¶ 7.]  Section 1681e(b) states as follows:

> Whenever a *consumer reporting agency* prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b) (emphasis added).  A "consumer reporting agency" is defined by the FCRA as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).  Further, the FCRA defines a "consumer report" in pertinent part as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes... .

15 U.S.C. § 1681a(d).

Based on the plain language of the statute, a violation of this provision of the FCRA necessarily must be committed by a "consumer reporting agency."  Further, a "consumer reporting agency" must be a person or entity that prepares "consumer reports."  As explained in *Carney v. Experian Information Solutions, Inc.*, "[t]he FCRA places obligations on three distinct types of

4

entities involved in consumer credit: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. ...In order for plaintiff to state a claim ... under the FCRA, these defendants must fall into one or more of these regulated groups." 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999). As set forth above, it is undisputed that Equifax Inc. is not in the business of assembling or evaluating consumer information for the purpose of preparing consumer reports. It is further undisputed that Equifax Inc. did not prepare a consumer report or assemble or provide consumer information on the plaintiff. Thus, the Court concludes that Equifax Inc. has not violated the FCRA as alleged because it is not a "consumer reporting agency" and has not furnished or prepared a "consumer report" on the plaintiff.

**III.    Conclusion**

For the reasons set forth above, defendant Equifax Inc.'s motion for summary judgment will be granted and plaintiff's claims against it will be dismissed with prejudice.

Order accordingly.

s/Thomas A. Varlan
Thomas A. Varlan
UNITED STATES DISTRICT JUDGE